IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Travis Wiggins, ) | C/A No.:1:11-701-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Michelle Whitlock; South Carolina ) | |
| Probation, Parole and Pardon Services, ) | |
| Lexington, SC Director, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, proceeding *pro se*, is currently detained on a probation violation warrant at the Spartanburg County Detention Center and filed a document which has been construed as a petition for a writ of habeas corpus.[1] [Entry #1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

---

[1] Circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C § 2254 is the proper statute under which a state inmate should proceed when challenging something other than the underlying state conviction. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007). However, it does not appear that the Fourth Circuit has issued an opinion taking a definitive stance on the issue.

I.	Factual and Procedural Background

Petitioner alleges he was sentenced in the Lexington County Court of General sessions to "2 yrs in prison, 3 yrs probation, and 8 mos of rehab immediately upon release on December 1st of 2009." Compl. at 3 [Entry #1]. Petitioner indicates that he had been accepted into the "U-Turn for Christ Rehab" program and the "only reason the probation was put in place and a suspended 8yr sentence attached to it was quote: to give myself incentive to complete" the rehabilitation. *Id.* However, upon release, Petitioner claims that his probation officer, Michelle Whitlock, "did not follow [Petitioner's] court order issued in 2009." *Id.* Plaintiff claims that had he been given the chance to complete drug rehabilitation, he "would not have relapsed and [would not] be charged with [his] current charges." *Id.* Petitioner seeks a chance to complete the rehabilitation program, as ordered by the state court, with dismissal of his current charges or "more probation" upon completion. *Id.* at 5. In the alternative, Petitioner wants Defendant Whitlock to "agree to terminate my current probation and withdraw the violation of probation warrant against me." *Id.* Petitioner states that, "[i]f none of these options are met before the disposition of my current charges I will seek money for my time in jail and lawyer fees." *Id.* Petitioner provides no facts in the body of the pleading regarding the other defendant Lexington SC Director of the South Carolina Department of Probation, Parole and Pardon Services.

II.     Discussion

  A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.     Analysis

Petitioner claims he is being unlawfully detained pursuant to a probation violation warrant. Petitioner seeks release from custody and dismissal of his charges. In the

3

alternative, Petitioner asks the court to allow him to complete the court-ordered rehabilitation program and terminate his probation upon successful completion.

Generally, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner states that he is being detained pending a probation revocation hearing. Therefore, an ongoing state criminal proceeding exists satisfying the first part of the test. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the

4

most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner can pursue his claims in state court both during and after his probation violation hearing. Thus, Petitioner fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief. *See Younger*, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and his petition should be dismissed.

Even if Petitioner could avail himself of either 28 U.S.C. § 2241 or 28 U.S.C. § 2254, the instant petition would be subject to dismissal for failure to exhaust administrative and/or state remedies. The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Similarly, although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973). *See also McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at \*\*1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)).

Petitioner has failed to demonstrate that he has made any attempt to exhaust his available state or administrative remedies. Thus, Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action under either § 2254 or § 2241. As such, summary dismissal is appropriate.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 24, 2011                                             Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**